282 F.2d 267
 SEARS, ROEBUCK & COMPANY, a corporation, Appellant,
v.
Sidney SCHULEIN, Trustee in Bankruptcy of the Estate of Charles Robert Baldwin and Betty June Baldwin, Bankrupts, Appellee.
 No. 16719.
 United States Court of Appeals Ninth Circuit.
 September 6, 1960.
 
 1
 John Huneke, Paine, Lowe, Coffin, Herman & O'Kelly, Spokane, Wash., Theodore G. Morris, Wheeler, McCue & Morris, Los Angeles, Cal., for appellant.
 
 
 2
 Thomas Malott, Spokane, Wash., for the appellee.
 
 
 3
 Before CHAMBERS and MERRILL, Circuit Judges, and WOLLENBERG, District Judge.
 
 
 4
 WOLLENBERG, District Judge.
 
 
 5
 Sears, Roebuck & Company appeals from an Order of the District Court for the Eastern District of Washington affirming an Order of the Referee in Bankruptcy preserving for the benefit of the bankrupt estate all rights of the appellant in certain conditional sales contracts upon personal property claimed as exempt by the bankrupts and ordering the bankrupts, as a condition to retaining possession of said personalty, to pay the trustee the unpaid balance as prescribed in the original contracts of conditional sale.
 
 
 6
 Charles and Betty Baldwin, the bankrupts, purchased from Sears, Roebuck & Company a sewing machine December 18, 1954, for $197.00, and a refrigerator, July 25, 1955, for $211.95 under contracts of conditional sale. The contracts were not recorded in accordance with the statutes of the State of Washington, R.C.W. 63.12.010.
 
 
 7
 February 21, 1957, the Baldwins filed a voluntary petition in bankruptcy and were adjudicated bankrupts February 25, 1957. At this time there was owing $231.72 on the purchase price of the above two items. In Schedule B-5 the bankrupts claimed as exempt property:
 
 
 8
 "Household furniture — furnishings, personal clothing in Schedule B-2(D), and New Standard Encyclopedia. The above-named property claimed to be exempt in accordance with the provisions of the Laws of the State of Washington, R.C.W. 6.16.010, et seq. Valuation: $320.00."
 
 
 9
 The bankrupts claimed as exempt all assets listed. Their value was less than the exemptions allowed under State Statute, R.C.W. 6.16.020.
 
 
 10
 The Trustee's report of exempt property dated May 16, 1957, and approved by the Referee May 27, 1957, described the personal property claimed as exempt by the bankrupts as follows:
 
 
 11
 "Household furniture, furnishings, clothing and New Standard Encyclopedia, subject, however, to claim of lien of the Trustee arising out of preservation of chattel mortgage lien of Budget Finance Plan, and seller's interest in conditional sales contract of Sears-Roebuck R.C. W. 6.16.010, et seq. 11 USCA § 24 (§ 6 Bankruptcy Act). Equity to the extent of any excess over described liens."
 
 
 12
 Thereafter, Sears, Roebuck & Company petitioned for Review of the Referee's Order of October 16, 1957 ordering the rights of said Company under the contracts of conditional sale preserved for the benefit and use of the bankrupt estate, and ordering payment of the balance of the purchase price to the Trustee. Upon review the District Court ordered that the matter be remanded to the Referee who was instructed to make specific findings as to the items of property claimed as exempt, the value thereof, and whether such items were covered by the subject conditional sales contracts. Thereafter, a trustee's amended report of exempt property was made itemizing the household furnishings allowed as exempt and setting forth the estimated value of each item. The two items being purchased from Sears were listed as follows:
 
 
 13
 "Coldspot refrigerator — equity 50.00* Value $200.00
 Kenmore sewing machine — equity 35.00* Value $116.72"
 
 The following note appears on the report:
 
 14
 "*These two items, at the time the petition was filed, were being purchased from Sears Roebuck & Co. under conditional sales contracts, the lien of which the trustee reserves the right to preserve for the benefit of the bankrupt estate."
 
 
 15
 Thereafter, supplemental findings of fact and conclusions of law were entered wherein it was found that the refrigerator and sewing machine had been set aside to the bankrupts to the extent of the excess in value over the unpaid balance due thereon, and that Sears, Roebuck & Company had no right, title and interest in or to the refrigerator and sewing machine. Sears, Roebuck & Company again petitioned for review in the District Court. Upon this second Review the District Court declined to pass upon the merits of the issues presented. But rather, affirmed the order of the trustee under the doctrine of the "law of the case". Sears now petitions to appeal to this Court from said decision and order.
 
 
 16
 The appeal in this case involves less than $500.00. Appeal is allowed because of the importance of the resolution of the question of law involved in the administration of the bankruptcy laws.
 
 
 17
 Sears' conditional sales contracts with the bankrupts were not filed for record in accordance with the statutes of the State of Washington, R.C.W. 63.12.010. Therefore, the conditional sales contracts were properly subject to being declared null and void as against the trustee under Section 70, sub. e(1) of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e(1). However, the bankrupts claimed as exempt the refrigerator and sewing machine that were being purchased under the unrecorded contracts of conditional sale.
 
 
 18
 The Court of Bankruptcy does not have the power to administer exempt property. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L. Ed. 1061; Baumbaugh v. Los Angeles Morris Plan Co., 9 Cir., 30 F.2d 816. After the bankrupt has claimed his exemptions the trustee has the duty to "set apart the bankrupts' exemptions allowed by law, as claimed, and report the items and estimated value thereof to the Court as soon as practicable after their appointment". Bankruptcy Act, § 47, sub. a (6), 11 U.S.C.A. § 75, sub. a (6). Section 70 of the Bankruptcy Act, provides that title to the non-exempt property vest in the trustee; the exempt property is specifically excluded. Once the Bankruptcy Court has determined that the property is exempt against the creditors in general it is to be set apart and further administration of it refused, even if as to some creditors the property might not be exempt. In re Lippow, 7 Cir., 92 F.2d 619; 3 Remington on Bankruptcy § 1271 at p. 143.
 
 
 19
 The trustee cannot avoid the operation of the foregoing principles by valuing the whole item claimed as exempt and also valuing the bankrupts' equity under a conditional sales contract in the item and treating the claim of exemption as covering only the bankrupts' equity. Section 47, sub. a(6) of the Bankruptcy Act, 11 U.S.C.A. § 75, sub. a(6), and Section 6, 11 U.S.C.A. § 24, do not authorize such procedure, nor is such procedure authorized by the Laws of the State of Washington. The total value of the items claimed as exempt is then the proper claim of exemption.
 
 
 20
 The question then before us is: Does the Trustee possess authority to subrogate himself to the interests of a conditional vendor of exempt property and require that the bankrupts, as a condition upon retaining possession of the exempt property, pay the trustee under the original conditional sales contracts? The trustee relies upon § 70, sub. e(2) of the Bankruptcy Act, and specifically the proviso added in 1952 for such authority. Appellant, on the other hand, contends that the Bankruptcy Court has only the power to set said exempt property aside to the bankrupts.
 
 Section 70, sub. e(2) reads:
 
 21
 "All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: Provided, however, That the court may on due notice order such transfer or obligation to be preserved for the benefit of the estate and in such event the trustee shall succeed to and may enforce the rights of such transferee or obligee. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws."
 
 
 22
 The effect of the 1952 amendment to Section 70, sub. e(2) of the Bankruptcy Act upon exempt property was considered in the Western District of Washington, In re Espelund, 181 F. Supp. 108, in which it was held that Section 70, sub. e(2) did not authorize a trustee to succeed to and enforce rights obtained by a chattel mortgage upon goods belonging to the bankrupt and claimed as exempt. This Court agrees with the opinion and the conclusion reached upon the operation of the statute.
 
 
 23
 Section 70 of the Bankruptcy Act deals principally with the bankruptcy's trustee's title. Subsection (a) provides that title of the bankrupt vests in the trustee "except insofar as it is property which is held to be exempt". Subsection (e) does not specifically include or exclude exempt property. This subsection states that "All property of the debtor * * * shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: * * *." But the exempt property does not pass to the trustee for the benefit of the estate. Bankruptcy Act, § 47, sub. a(6). Lockwood v. Exchange Bank, supra. Prior to the addition of the proviso in § 70, sub. e(2) the section did not apply to exempt property.
 
 
 24
 The plain and ordinary meaning of the words of the proviso does not require that § 70, sub. e(2) be applied to exempt property. If the words in the proviso are given the same meaning as when they are used in the pre-1952 Section exempt property will be excluded for the reasons previously given.
 
 
 25
 Legislative history of the amendment, House Report No. 2320, 82nd Congress, 2nd Session (1952) at page 16 does not indicate an intent on the part of Congress to expand the rights of creditors through the trustee to the exempt property of the bankrupt. The intent of the proviso was to allow the trustee to be subrogated to rights of the transferee or obligee so that benefits intended for the estate by voiding a lien or transfer do not thereby become a windfall to a junior encumbrancer.
 
 
 26
 "If, in the case at bar, the property had not been exempt title would have passed to the trustee. There would have been no occasion for preservation of the transfer or obligation. If, in addition, however, there had been a junior encumbrancer whose lien was not voidable as to the trustee there would be occasion for preservation. Providing for such preservation is all that the 1952 amendment to § 70, sub. e(2) appears to do. To hold that this amendment has the sudden and drastic effect of bringing exempt property into the operation of the Act does too much violence to the balance of § 70, which must be read as a whole, as well as § 6 of the Bankruptcy Act." In re Espelund, supra 181 F.Supp. at page 115.
 
 
 27
 Section 70, sub. e(2) does not authorize the trustee to enforce for the benefit of the estate conditional sales contracts upon exempt property.
 
 
 28
 The Judgment of the District Court is reversed and the cause remanded for proceedings not inconsistent with this opinion.