In the Matter of Marion CUMMINGS, Bankrupt.

In the Matter of Audrey Alberta CUMMINGS, Bankrupt.

In the Matter of Benancio Ernest DOMINGUEZ, Bankrupt.

In the Matter of Cora Esther DOMINGUEZ, Bankrupt.

Sears, Roebuck and Company and Montgomery Ward and Company, Appellants.

No. 235-68.

United States Court of Appeals Tenth Circuit.

Aug. 12, 1969.

Herbert W. DeLaney, Jr., Denver, Colo., filed a brief for appellants Sears, Roebuck & Co. and Montgomery Ward & Co.

James R. Horton, Denver, Colo., filed a brief for himself and for William R. Young as Trustees in Bankruptcy.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Voluntary petitions in bankruptcy were filed by Mr. and Mrs. Benancio Dominguez and by Mr. and Mrs. Marion Cummings. Dominguez had purchased household goods from Montogomery Ward and Company and given a purchase money chattel mortgage on which $211.77 was due at the time of bankruptcy. Cummings had purchased household goods from Sears, Roebuck and Company and given a purchase money chattel mortgage on which $338.11 was due at the time of bankruptcy. The chattel mortgages were not filed or recorded as required by Colorado law and were not valid as against third parties. Dominguez and Cummings claimed that the household goods were exempt under Colorado law. Sears and Montgomery Ward petitioned in the bankruptcy proceedings for permission to foreclose or reclaim. The referee denied the petitions and his decisions were affirmed by the district court on petitions to review.

We are met at the threshold with procedural complications. Four petitions for voluntary bankruptcy were filed. The referee entered one opinion and order in the Dominguez proceedings and one in the Cummings proceedings. Four petitions for review were filed in the district court. Without the entry of a formal order of consolidation, the district court disposed of all four petitions by one opinion and one order.

■ The one notice of appeal follows the pattern set by the district court in disposing of the petitions to review. It is filed on behalf of both Sears and Montgomery Ward, names all four bankrupts, and specifies the judgment appealed from. See Rule 3, F.R.A.P. Although the better practice would be to file a separate notice of appeal in each case, the record shows that the purpose of the rule was satisfied because notice was effectually given and there is no claim of any disadvantage to the appellees. See St. Marie v. United States, 9 Cir., 108 F.2d 876, 880, cert. denied 311 U.S. 652, 61 S.Ct. 35, 85 L.Ed. 417. The failure to file separate appeals, or in the situation presented, separate applications for permission to appeal, is not, in the peculiar circumstances of this case, a fatal defect.

■ No attempt was made to obtain the permission of this court to appeal. Section 47(a), 11 U.S.C., requires an allowance of the appeal by the appellate court when the amount involved is less than $500. See also Rule 6, F.R.A.P. The amount claimed by Montgomery Ward is $211.77 and that claimed by Sears is $338.11. Separate and distinct claims may not be aggregated. See Snyder v. Harris, 394 U.S. 332, 336, 89 S.Ct. 1053, 22 L.Ed.2d 319. An allowance of the appeal is necessary. The failure to file in the court of appeals a petition for allowance of the appeal is not a jurisdictional defect. See Reconstruction Finance Corp. v. Prudence Securities Advi-

sory Group, 311 U.S. 579, 582, 61 S.Ct. 331, 85 L.Ed. 364. The court of appeals has power to treat the notice of appeal filed in the district court as an informal substitute for an application to the court of appeals. Mario Mercado E. Hijos v. Feliciano, 1 Cir., 260 F.2d 500, 502. Such power should be exercised only in exceptional circumstances. See State of California, Department of Employment v. Fred S. Renauld & Co., 9 Cir., 179 F. 2d 605, 608. The issue presented here is of sufficient importance to the administration of bankruptcy proceedings in the District of Colorado to be an exceptional circumstance. The appeal is allowed.

Young is the trustee of the two Dominguez bankrupt estates and Horton of the two Cummings estates. Upon a proper claim of statutory exemption, the two trustees set aside the household goods in question as exempt and such actions were approved by the referee. The sellers of the goods sought to foreclose or reclaim on the theory that their security interests were valid as between them and the purchasers. The trustees asserted that the security interests were void as to third parties and that the value of such interests went to the trustees for the benefit of the unsecured creditors.

The referee held that the security interests were invalid as to the trustees; that the security interests were preserved to the trustees for the benefit of the bankruptcy estates; that the exemptions claimed and allowed to the bankrupts apply only to the value of the goods in excess of the indebtedness due at the date of bankruptcy; that the bankrupts had thirty days to pay such indebtedness to the trustees; and that if the bankrupts fail to make such payments, the property shall be sold by the trustees with the proceeds in the amount of the indebtedness going to the bankruptcy estates and the excess to the bankrupts. The district court upheld the referee in all respects.

■■ The Bankruptcy Act preserves the exemptions which are allowed by state law. 11 U.S.C. § 24, and Cantrell

v. Molz-Frick Implement Company, 10 Cir., 278 F.2d 546. Property which is exempt under state law and which is determined to be exempt by the bankruptcy court is no part of the estate in bankruptcy. 11 U.S.C. § 110(a), and Lockwood v. Exchange Bank, 190 U.S. 294, 299, 23 S.Ct. 751, 47 L.Ed. 1061.

The trustees argue that the Colorado exemption statutes exempt only the bankrupts' equity in the property. The sellers urge that those statutes exempt the property which continues to be held by the bankrupts subject to the purchase money liens. Colo.R.S.1963, § 77–2–2(1) (f) exempts

"The household goods owned and used by the head of a family or owned by such head and used by his or her dependents to the extent of seven hundred fifty dollars in value, and owned and used by a single person to the extent of two hundred fifty dollars in value."

The word "value" as used in the foregoing is defined thus by Colo.R.S. § 77–2–1(6):

"Value is the fair market value of any property less the amount of any lien or liens thereon valid as between the owner of the property and the holder or holders of any such lien or liens."

Colo.R.S.1963 § 77–2–3 provides that no property is exempt from levy and sale for the purchase price thereof.

The sellers insist that an exemption statute must be read in terms of property. Heavy reliance is placed on In re Rade, D.C.Colo., 205 F.Supp. 336. In that case a credit union loaned the bankrupt part of the purchase price of an automobile and took back a mortgage which was not properly recorded. Colo. Rev.Stat. § 77–2–2(1) (k) exempts motor vehicles used in a gainful occupation to the value of $300. The bankrupt claimed this exemption. The referee held that the lien of the credit union was void as to the trustee. The automobile was ordered sold with the proceeds going to the estate except for the $300 exemption which should be paid to the

credit union. The question certified to the district court was the validity of the order for payment to the credit union. The court upheld the referee. The dispute there was between the mortgagee and the bankrupt. Here it is between the mortgagees and the trustees. We are not concerned with the rights of the mortgagees against the mortgagors under purchase money mortgages. The point is that 11 U.S.C. § 110(e) makes the unrecorded mortgages void against the trustees. Rade does not discuss or decide the question of whether the Colorado statutory exemption on mortgaged household goods applies to the equity or to the property.

The sellers assert that Sears, Roebuck & Company v. Schulein, 9 Cir., 282 F.2d 267, is dispositive of the issue. There the bankrupt had purchased a refrigerator and sewing machine from Sears on an unrecorded conditional sales contract and had claimed both items as exempt. The referee allowed the exemption to the extent of the excess in value over the unpaid balance and required such balance to go to the trustee for the bankrupt estate. The court of appeals held to the contrary and said that § 70(e) (2) of the Act, 11 U.S.C. § 110(e) (2), does not authorize the trustee to enforce for the benefit of the estate conditional sales contracts on exempt property. 282 F.2d 267 at 271.

The Schulein case differs from the case at bar because it was concerned with an exemption under a Washington statute which did not contain the definition of value found in the Colorado statute. See Revised Code of Washington, Title 6, § 6.16.020. This was pointed out by the referee who commented that the Washington statute was later amended to adopt substantially the Colorado definition of value.

■ We are aware of no Colorado decision which decides whether the § 77–2–2(1) (f) exemption applies to equity value, stated in terms of dollars, or to property. In such circumstances "we will accept the Federal trial judge's in-terpretation of his state law unless convinced that he is clearly wrong." Texaco, Inc., v. Pruitt, 10 Cir., 396 F.2d 237, 243, and Dallison v. Sears, Roebuck and Co., 10 Cir., 313 F.2d 343, 347.

■ The Colorado statute exempts household goods "to the extent of seven hundred fifty dollars in value" and defines value as the fair market value less any lien valid as between the owner and the holder of the lien. The two provisions must be read together. We have no legislative history and no pertinent Colorado decision. It is reasonable to construe the statutes to mean that, when mortgaged property is claimed as exempt by a bankrupt, the exemption applies to the equity and not to the specific items of property. We cannot say that the referee and the district court were clearly wrong in so holding.

The effect of the Colorado exemption on the application of various provisions of the Bankruptcy Act must be considered. Section 47(a) (6), 11 U.S.C. § 75(a) (6), provides that the trustee shall set apart the bankrupt's exemptions as allowed by law and report the items and the estimated value to the court. Section 70(a), 11 U.S.C. § 110(a), vests title in the trustee to the bankrupt's property except for that which is exempt. Section 70(e) (1) says that certain transfers are void as against the trustee. Section 70(e) (2), 11 U.S.C. § 110(e) (2), reads:

> "All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: *Provided, however,* That the court may on due notice order such transfer or obligation to be preserved for the benefit of the estate and in such event the trustee shall succeed to and may enforce the rights of such transferee or obligee. The trustee shall reclaim and recover such property or collect its value from and

avoid such transfer or obligation against whoever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws."

■ The proviso in the above quoted section was added by a 1952 amendment. The purpose and effect of the amendment are discussed in In re Espelund, W.D.Wash., 181 F.Supp. 108, 111–115, which holds that the proviso does not bring exempt property within the operation of the Act. In Schulein, the Ninth Circuit expressly approved of Espelund. See 282 F.2d 267 at 270–271. Schulein and Espelund would be in point if it were not for the difference between the Colorado and the Washington exemption statutes. If the exemption is property, the proviso does not apply. In our opinion the proviso is applicable when the exemption is equity.

The real controversy here is between the sellers who want to collect the purchase price and the trustees who wish to invalidate the liens and take the proceeds, up to the amount of the liens, for the bankrupt estates. In either event the bankrupts get for themselves the equity and nothing more. The sellers benefit if the exemption applies to the articles of · property because the purchase money mortgages are valid between the sellers and the purchasers. The general creditors benefit if the exemption applies to the equity because then the property becomes part of the bankrupt estate and the liens are invalid against the trustee who sells the property and pays into the estate the amount of the liens with the excess going to the bankrupts under their exemptions.

■ The sellers and the trustees alike seek support from the principle that the Colorado exemption laws "are to be liberally construed for the purpose of giving effect to the beneficent object in view." Haas v. DeLaney, D.C.Colo., 165 F.Supp. 488, 490, and Colorado decisions there cited. We recognize the principle but it is not controlling here. Under either theory the bankrupts get only their equities. The possibilities that the sellers might extend favorable installment terms or that the trustees might make more advantageous sales are entirely speculative so far as the record is concerned.

The conclusions of the referee and the district court that the pertinent Colorado statutes exempt the equity rather than the property are not clearly wrong and we accept them. It follows that the proviso of § 70(e) (2) is applicable and that the actions of the referee thereunder are authorized and proper.

Affirmed.