**In re Steven Anthony MORGAN, Debtor.**

**Bankruptcy No. 380–00633.**

United States Bankruptcy Court,
M. D. Tennessee.

Oct. 27, 1980.

Sam J. McAllester, III, Nashville, Tenn., for Trustee.

Haywood Clay Barry, Lebanon, Tenn., for debtor.

---

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

■ In this contested matter the basic issue to be resolved is whether under the Bankruptcy Reform Act of 1978 a debtor's exemption rights in property subject to a security interest is limited to his equity, the amount by which the value of the property exceeds the secured debt.[1]

The debtor and his father had purchased a mobile home by jointly and severally assuming an indebtedness secured by it. The unpaid balance of this indebtedness now exceeds its value. The secured creditor failed to perfect its security interest and the trustee, asserting his rights as a hypothetical judgment lien creditor under 11 U.S.C. § 544(a), seeks to sell the mobile home pursuant to 11 U.S.C. § 363(h) and retain one half of the proceeds for the estate. The debtor did not claim any exemption rights in the mobile home in his original schedules. Upon learning that the creditor's security interest was vulnerable to the trustee, the debtor filed an amendment claiming one half of the value of the mobile home as exempt pursuant to 11 U.S.C. § 522(d)(5) with the expectation that he thereby would be able to protect the creditor from the trustee to the ultimate benefit of his father. The trustee has objected to this exemption claim on several grounds, only one of which need be addressed.

The debtor essentially relies upon the authority of decisions construing the old Bankruptcy Act of 1898 such as *In re Espelund*, 181 F.Supp. 108 (W.D.Wash.1959), and *Sears, Roebuck & Co. v. Schulein (In re Baldwin)*, 282 F.2d 267 (9th Cir. 1960), which were spawned by the Supreme Court's decision in *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). In *Lockwood* the court held that bankruptcy courts had no jurisdiction over exempt property because § 70(a) of the old Act, former 11 U.S.C. § 110(a), specifically excepted exempt property from the bankruptcy estate.[2] The courts in *Espelund* and *Baldwin* thus held that a trustee could not pursue his rights under the provision of the old Act comparable to present 11 U.S.C. § 544(a) to the extent that property had been set apart as exempt. If a bankrupt were entitled to claim the entire property as exempt under the state exemption law made applicable in his bankruptcy case under § 6 of the old Act, former 11 U.S.C. § 24, he could protect an unperfected secured creditor from the trustee.

■ In the Bankruptcy Reform Act of 1978, however, the Congress made a fundamental change in the approach to exempt property by providing that it first passes into the bankruptcy estate and then is exempted from it. Section 522(b) authorizes an individual debtor to "exempt from property of the estate" either property specified in a new federal bankruptcy exemption or property exempt from execution under nonbankruptcy law. The provision in the old Act specifically excepting exempt property from the estate has been deleted, so that the estate is now comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Congress has overruled *Lockwood*, as the committee reports of both houses specifically point out:

Paragraph (1) [of 11 U.S.C. § 541(a)] has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294 [23 S.Ct. 751, 47 L.Ed. 1061] (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes

---

1. The court uses the term "security interest" to mean a lien created by agreement as defined in 11 U.S.C. § 101(37). The term thus includes real estate security.

2. (a.) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law

with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . .

11 U.S.C. § 110(a) (1976).

into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate. The broad jurisdictional grant in proposed 28 U.S.C. 1334 [28 U.S.C. 1471(b) in the House Report] would have the effect of overruling *Lockwood* independently of the change made by this provision.

S.Rep. No. 95–989, 95th Cong. 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868; H.Rep. No. 95–595, 95th Cong. 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6324. Although not specifically addressed in these committee reports or elsewhere in the readily available legislative history of the Reform Act, it inescapably follows that these provisions of the new law have also overruled the decisions in *Espelund* and *Baldwin*. The new § 541 estate does not have any greater rights in property than the debtor had. Consequently, that estate does not include the secured creditor's interest but only the debtor's interest in property subject to a security interest. Only the debtor's equity passes into the estate. Thus, only the debtor's equity is available to be exempted out of it. A trustee may bring an unperfected secured creditor's interest into the estate pursuant to 11 U.S.C. § 550, after having successfully pursued his rights under 11 U.S.C. § 544(a), but there is a provision which specifically prohibits a debtor from exempting that interest out of the estate. 11 U.S.C. § 522(g).[3]

It is unfortunate that an apparently incomplete discussion of subsection (b) of § 522 in the Senate Judiciary Report has led one court to conclude that a debtor's exemption rights in encumbered property is not limited to his equity. *Sioux Falls Veterans Administration Employees Federal Credit Union v. Van Gorkom*, 4 B.R. 689, 6 Bankr.Ct. Dec. 541, 2 C.B.C.2d 477 (Bkrtcy. S.D.1980). In that opinion the court cited the following passage for the proposition that property may be exempted even if the debtor has no equity:

> Under proposed Section 541, all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property from property of the estate under this section. Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for the purposes of the exemption.

S.Rep. No. 95–989, 95th Cong. 2d Sess. 75–76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5861. The House Judiciary Report contains the same passage but adds the following amplifying remarks:

> Thus, for example, a residence worth $30,000 with a mortgage of $25,000 will be exemptable to the extent of $5,000. This follows current law. The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien.

H.Rep. No. 95–595, 95th Cong. 1st Sess. 360–61 (1977), U.S.Code Cong. & Admin. News 1978, p. 6316. Although the House Committee gave no indication as to its source of the "current law," which it deemed to limit exemptions to the debtor's equity, it would appear to be the decision in *In re Cummings*, 413 F.2d 1281 (10th Cir. 1969), *cert. denied sub. nom. Sears, Roebuck & Co. v. Horton*, 397 U.S. 915, 90 S.Ct. 918, 25 L.Ed.2d 95 (1970). Unlike the state exemption statutes before the courts in *Espelund* and *Baldwin*, the exemption statute in *Cummings* placed value limitations on the extent to which certain property could be exempted and defined value to exclude the

---

**3.** (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551 or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if–

(1)(A) Such transfer was not a voluntary transfer of such property by the debtor; and (b) The debtor did not conceal such property; or

(2) The debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. § 522(g) (1979).

amount of any liens. After reviewing the *Espelund* and *Baldwin* decisions, the Tenth Circuit concluded that the effect of such value limitations was that "when mortgaged property is claimed as exempt by a bankrupt, the exemption applies to the equity and not to the specific items of property." 413 F.2d at 1285. Thus in *Cummings* the trustee was permitted to pursue his rights in property claimed as exempt but subject to an unperfected security interest. Similar value limitations were incorporated in the Uniform Exemptions Act adopted in 1976 and they obviously represent the modern trend in exemption legislation.

Other provisions of this new law and its legislative history support the conclusion reached herein. The court notes, for example, that a debtor may avoid a lien under 11 U.S.C. § 522(f) only "to the extent that such lien impairs an exemption to which the debtor would have been entitled." By using the phrase "*would* have been entitled," Congress recognized that a debtor is unable to exempt any interest in the property to the extent it is encumbered by the lien that he seeks to avoid. In both committee reports there is recognition of this limitation since both state that a debtor may avoid liens under this provision "on any property to the extent that the property could have been exempted in the absence of the lien." S.Rep. No. 95–989, 95th Cong. 2d. Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5862; H.Rep. No. 95–595, 95th Cong., 1st Sess. 362 (1977). In the *Gorkom* decision discussed above the court was concerned with the application of § 522(f) to property with a value substantially less than the amount of the lien sought to be avoided. The court apparently failed to focus on the phrase "would have been entitled" in concluding in effect that it was essential to relief under this subsection that an interest of the debtor in the property have been set aside as exempt prior to avoiding the lien. In any event that court's decision to permit the debtor to avoid the lien on property in which, while subject to the lien, the debtor had no equity was sound. In a more recent opinion denying relief under § 522(f) to a debtor who would have had no equity in the

property even if the lien at issue were avoided, a bankruptcy court correctly observed that "[t]o to exemptable, the property must be unencumbered to the extent of that interest." *Day v. Boteler,* 5 B.R. 408, 6 Bankr.Ct.Dec. 798 (Bkrtcy.S.D.Ala.1980).

The following excerpt from the House Judiciary Report discussing the redemption provision of 11 U.S.C. § 722 bears directly on the issue before the court:

> This section is new and is broader than rights of redemption under the Uniform Commercial Code. It authorizes an individual debtor to redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt. It applies only if the debtor's interest in the property is exempt or has been abandoned. *The right to redeem extends to the whole of the property, not just the debtor's exempt interest in it. Thus, for example, if a debtor owned a $2,000 car, subject to a $1,200 lien, the debtor could exempt his $800 interest in the car.* The debtor is permitted a $1,500 exemption in a car. Proposed 11 U.S.C. 522(d)(2). This section permits him to pay the holder of the lien $1,200 and redeem the entire car, not just the remaining $700 of his exemption.

H.Rep. No. 95–595, 95th Cong., 1st Sess. 380–81 (1977), U.S.Code Cong. & Admin. News 1978, p. 6336 (emphasis added).

■ Because a debtor's exemptable interest in encumbered property is limited to his equity, he may not through his exemption claim shield an unperfected secured creditor from a trustee pursuing his rights under 11 U.S.C. § 544(a). As the court noted in *Cummings,*

> The real controversy here is between the sellers who want to collect the purchase price and the trustees who wish to invalidate the liens and take the proceeds, up to the amount of the liens, for the bankrupt estates. In either event the bankrupts get for themselves the equity and nothing more. The sellers benefit if the exemption applies to the articles of property because the purchase money mortgages are valid between the sellers

and the purchasers. The general creditors benefit if the exemption applies to the equity because then the property becomes part of the bankrupt estate and the liens are invalid against the trustee who sells the property and pays into the estate the amount of the liens with the excess going to the bankrupts under their exemptions.

413 F.2d at 1286. It is apparent that in the Bankruptcy Reform Act of 1978 the Congress has chosen to benefit the general creditors.

It is important to note that the conclusion reached herein is derived from subsection (b) of § 522, which contains the general operative exemption provisions of this new law. Thus, it is applicable whether a debtor utilizes bankruptcy or nonbankruptcy exemptions. In either event, a debtor may exempt only his equity in property subject to a security interest.[4]

It is important for trustees in jurisdictions where state exemption statutes are similar to those which were before the courts in the *Espelund* and *Baldwin* cases to realize that they now must scrutinize every exemption claim—even if the value available and assigned by the debtor is sufficient to cover the entire property—to ascertain whether the property nevertheless is subject to an unperfected security interest and thus is vulnerable to them.

An appropriate order will be entered denying the debtor's claim to an exemption in the mobile home.

4. The basic Tennessee personal–property exemption statute had provided that "[p]ersonal property to the aggregate value of two thousand five hundred dollars ($2,500) shall be exempt." Tenn.Code Ann. § 26–202 (1979 Supp.). There was no definition of value. Although there appear to have been no reported opinions dealing with the issue of whether an entire property could be exempted pursuant to this provision, as in the *Espelund* and *Baldwin* cases, trustees have assumed that it could and have not made efforts to assert rights in property when the available value allocated to it was equal to or in excess of its unencumbered value. The 1980 amendment which "opted" Tennesseans out of the federal bankruptcy exemptions has made a significant change. This amendment substituted the phrase "four thousand dollars ($4,000) debtor's equity interest" for the phrase "two thousand five hundred dollars ($2,500)." Even had the Tennessee General Assembly not made this change, however, Reform Act debtors claiming exemptions pursuant to the Tennessee exemption statute would be limited to their equity.