SEYMOUR, Circuit Judge.
 

 The bankruptcy trustee has appealed a district court judgment declaring bankrupt McCoy’s 1977 Cadillac automobile exempt from bankruptcy administration. The dis-positive issue below and in this appeal is whether the exemption granted under Oklahoma statute extends to the bankrupt’s equity interest in the automobile, or to the vehicle itself. The bankruptcy court held that the exemption applies to the equity interest. The district court reversed, holding that the exemption extends to the vehicle itself whenever the bankrupt’s equity interest is below the maximum prescribed by Oklahoma statute. We agree with the bankruptcy court and therefore reverse the district court’s judgment.
 

 Theodore Ted McCoy filed voluntary bankruptcy on December 9, 1977. In his petition he claimed a 1977 Cadillac automobile as property exempt from bankruptcy administration under section 6 of the Bankruptcy Act of 1898,
 
 [1]
 
 as amended, and Oklahoma law in force when he filed his bankruptcy petition.
 
 See
 
 Bankruptcy Act § 6 (formerly 11 U.S.C. § 24);
 
 In re Cummings,
 
 413 F.2d 1281, 1284 (10th Cir. 1969),
 
 cert. denied,
 
 397 U.S. 915, 90 S.Ct. 918, 25 L.Ed.2d 95 (1970). In 1977, the pertinent Oklahoma statute provided an exemption for Oklahoma debtors as follows:
 

 “One (1) motor vehicle having an equity value not to exceed One Thousand Five Hundred Dollars ($1,500.00).”
 

 1977 Okla. Sess. Laws. ch. 238, sec. 1, § 1(10), and sec. 2, § 4 (Fourth) (amended and repealed, respectively, 1980 Okla. Sess. Laws ch. 342).
 
 [2]
 

 Bankrupt McCoy’s automobile was subject to a security interest in favor of the
 
 *686
 
 General Motors Acceptance Corporation (GMAC). McCoy, GMAC, and the trustee stipulated that McCoy’s indebtedness to GMAC on the automobile exceeded the vehicle’s market value,
 
 i. e.,
 
 that McCoy’s equity interest in the automobile was zero. The parties also stipulated that McCoy resided in Osage County in Oklahoma, but that GMAC had filed its security interest only in Tulsa County. The bankruptcy court held, first, that GMAC’s improperly filed security interest,
 
 see
 
 Okla. Stat. Ann. tit. 12A, § 9^401(l)(a), was unperfected and hence subordinate to the trustee’s rights in the automobile under Bankruptcy Act § 70(c) (formerly 11 U.S.C. § 110(c)) and Okla. Stat. Ann. tit. 12A, § 9-301(l)(b). Second, the court held that the exemption granted by the 1977 Oklahoma statute extends only to the bankrupt’s equity interest in the automobile, as distinguished from the vehicle itself. Since McCoy had no equity interest in the automobile, the net effect of this holding was to deny the exemption and include the vehicle in the bankruptcy estate for the benefit of creditors generally.
 

 On appeal, the district court reversed the second holding. Relying partly on
 
 Dallas Ceramic Co.
 
 v.
 
 Morgan,
 
 560 P.2d 197 (Okl.1977), it declared that the exemption granted under the 1977 Oklahoma statute extends to the vehicle itself, not just an amount equal to the bankrupt’s equity interest in it (provided that interest is less than $1,500). That such interest might be zero was apparently considered immaterial. The result of this holding was to remove the vehicle from bankruptcy administration altogether,
 
 see
 
 Bankruptcy Act §§ 6, 47(a)(6), 70(a) (formerly 11 U.S.C. §§ 24, 75(a)(6), 110(a)), thereby precluding exposure of GMAC’s security interest to the trustee’s avoidance powers.
 

 The district court’s reliance on
 
 Dallas Ceramic
 
 is misplaced. That case does not deal with an equity-interest versus property-itself exemption in a bankruptcy context. Creditor Dallas Ceramic sought to execute its judgment on real property owned by the debtor and subject to a mortgage held by another creditor. An exemption was provided the debtor for homestead property not “exceeding] in value the sum of five thousand dollars .... ” Okla. Stat. Ann. tit. 31, § 2 (West Supp. 1980-81). The Oklahoma Supreme Court construed “value” in the homestead exemption statute to mean “equity value,” that is, fair market value less encumbrances. “Equity value” is a debtor’s equity interest in the property. The court then calculated the debtor’s equity to see if it fell below the statutory maximum of $5,000. It did, and the court concluded that the debtor had no equity in excess of $5,000 upon which Dallas Ceramic could levy execution. Although the real estate itself was left undisturbed in the debtor’s hands, this result does not answer the precise question whether exemption extends to the property itself or to the debt- or’s equity interest in it. The result might instead be viewed as entitling the debtor vis-a-vis Dallas Ceramic to reserve whatever
 
 equity interest
 
 he had in the real estate up to $5,000, thereby precluding Dallas Ceramic’s attempted execution because the equity interest was less than $5,000.
 

 The precise question in this appeal concerning exemption in a bankruptcy context was answered by this court in
 
 In re Cummings,
 
 413 F.2d 1281, under the Colorado statute exempting
 

 “[t]he household goods owned and used by the head of a family or owned by such head and used by his or her dependents to the extent of seven hundred fifty dollars in [equity] value, and owned and used by a single person to the extent of two hundred fifty dollars in [equity] value.”
 

 Colo. Rev. Stat. 1963, § 77-2-2(f) (current version at Colo. Rev. Stat. 1973, § 13-54-102(e)). The sellers in
 
 Cummings,
 
 much like GMAC, asserted exemption under the Colorado statute as a reason for removing from bankruptcy administration certain household goods they had sold to the bankrupt and in- which they had unperfected security interests. In concluding that the exemption granted under the Colorado statute extends to the bankrupt’s equity interest and not to the property itself, we reasoned:
 

 
 *687
 
 “The real controversy here is between the sellers who want to collect the purchase price and the trustees who wish to invalidate the liens and take the proceeds, up to the amount of the liens, for the bankrupt estates. In either event the bankrupts get for themselves the equity and nothing more. The sellers benefit if the exemption applies to the articles of property because the purchase money mortgages are valid between the sellers and the purchasers. The general creditors benefit if the exemption applies to the equity because then the property becomes part of the bankrupt estate and the liens are invalid against the trustee who sells the property and pays into the estate the amount of the liens with the excess going to the bankrupts under their exemptions.”
 

 413 F.2d at 1286.
 

 We believe this view applies with equal force to the 1977 Oklahoma statute. Nothing in the language of the statute calls for a contrary conclusion. Although we perceive in the 1977 statute a legislative purpose to assure the bankrupt a personal means of transportation, we cannot agree with the district court that the language exempting “[o]ne (1) motor vehicle having an equity value not to exceed One Thousand Five Hundred Dollars” reflects a clear and unambiguous legislative intent to reserve to the bankrupt the very vehicle held by him in every instance where his equity interest is less than $1,500. When, as here, liens encumber a vehicle subject to exemption, the bankrupt, in practical terms, can be assured of no more than his equity interest.
 
 [3]
 
 As we noted in
 
 Cummings,
 
 treating the exemption as extending to the vehicle itself does little more than assure the lien-holder a priority in the vehicle he might not be entitled to if the vehicle passed through the bankruptcy estate. Here, for example, GMAC would enjoy a priority in the exempt vehicle that GMAC would not receive in bankruptcy because it failed to perfect its security interest.
 

 The 1980 amendment to the Oklahoma exemption statute,
 
 see
 
 note 2
 
 supra,
 
 though not controlling this case, supports our conclusion that the Oklahoma legislature intended to extend exemption only to equity interest. The current statute exempts the bankrupt’s “interest, not to exceed One Thousand Five Hundred Dollars ($1,500.00) in value, in one (1) motor vehicle.” Okla. Stat. Ann. tit. 31, § 1(A)(12) (West Supp. 1980-81).
 
 Accord,
 
 Bankruptcy Reform Act of 1978, sec. 101, § 522(d), 11 U.S.C. § 522(d). Although not express in the Oklahoma statute, we believe the term “interest” means “equitable interest.” See
 
 Dallas Ceramic,
 
 560 P.2d at 200.
 

 The judgment of the district court is reversed.
 

 [1]
 

 . Ch. 541, § 6, 30 Stat. 548 [hereinafter cited as Bankruptcy Act § -],
 
 repealed,
 
 Bankruptcy Reform Act of 1978, Pub.L.No. 95-598, sec. 401, 92 Stat. 2682 (effective Oct. 1, 1979).
 

 [2]
 

 . Effective June 25, 1980, Oklahoma amended its exemption statute to read:
 

 “§ 1. Property exempt from attachment, execution or other forced sale — Bankruptcy proceedings
 

 “A. Except as otherwise provided in this title and notwithstanding subsection B herein, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided.
 

 “12. Such person’s interest, not to exceed One Thousand Five Hundred Dollars ($1,500.00) in value, in one (1) motor vehicle.”
 

 Okla. Stat. Ann. tit. 31, § 1(A)(12) (West Supp. 1980-81).
 

 [3]
 

 . Technically, the bankrupt can never be assured of
 
 more
 
 than his equity interest. When the automobile bankrupt drives is lien-free and has a market value less than $1,500, the automobile itself is an embodiment of that equity interest and the bankrupt will ordinarily get to keep the vehicle. In all other instances, whether the bankrupt will be able to retain the vehicle itself will depend upon numerous additional factors such as whether any outstanding security interests on it are perfected, and whether the vehicle’s market value exceeds either the secured debt, the sum of $1,500, or both.