**In re John Frank BARDWELL, Carol Susan Bardwell, Debtors.**

**Bankruptcy No. 80–21023.**

United States Bankruptcy Court, D. Kansas.

Oct. 5, 1981.

Stephen G. Bolton, Shawnee Mission, Kan., for debtors.

D. Robert Schollars, Kansas City, Mo., for creditor, Dial Finance of Kansas.

John J. Lyons, Jr., Prairie Village, Kan., for creditor, G.F.C. Corp. of Kansas.

F. Stannard Lentz, Shawnee Mission, Kan., for trustee.

vester Credit Corporation of San Leandro, California.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on November 19, 1980, upon the objection of creditor, Dial Finance Company of Kansas, to the debtors' application to avoid a lien. On February 10, 1981, this Court sustained debtors' application on the basis that 11 U.S.C. § 522(f) could be constitutionally applied to avoid Dial Finance's lien. On April 2, 1981, the matter came on for rehearing on another issue arising in Dial Finance's objection to the application to avoid a lien. Creditor, Dial Finance, was represented by Robert Schollars and local counsel, John J. Lyons, Jr. The debtors were represented by Stephen G. Bolton.

## FINDINGS OF FACT

The facts are not in dispute due to an agreed statement of facts filed by the parties. This Court finds as follows:

1. That this Court has jurisdiction over the parties and the subject matter.

2. That on August 10, 1979, Dial Finance loaned the debtors money and took a nonpossessory, nonpurchase money security interest in household goods and furniture owned by the debtors.

3. That the balance due on the loan is $2,949.21. The debtors value the collateral at $980.00.

4. That on September 29, 1980, the debtors filed a Chapter 7 petition. On October 14, 1980, the debtors filed an application to avoid Dial Finance's lien. On October 23, 1980, Dial Finance filed an objection to the application. On February 10, 1981, this Court sustained the debtors' application, and held that 11 U.S.C. § 522(f) could be constitutionally applied to avoid Dial's lien.[1]

On February 19, 1981, the debtors were discharged. On April 2, 1981, a rehearing was held on the issue of whether or not the debtors had an exemptable interest, even though they had no equity in said property.

## ISSUE

### WHETHER A LIEN CAN BE AVOIDED UNDER 11 U.S.C. § 522(f)(2) WHEN THE DEBTORS HAVE NO EQUITY IN THE PROPERTY.

### CONCLUSIONS OF LAW

Dial Finance contends that without equity, the debtors do not have an exemptable interest under § 522(b) and thus, their interest can be impaired by a lien in spite of § 522(f)(2). Section 522 states in pertinent part as follows:

*"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—*

*(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,*

*(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law . . ."*

*"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—*

\*    \*    \*    \*    \*    \*

*(2) a nonpossessory, non purchase-money security interest in any—*

---

1. *Dial Finance objected to the constitutionality of § 522(f) as applied retroactively to gap security interests, i. e. security interests vesting between the November 6, 1978 enactment date and the October 1, 1979 effective date of the Code. This security interest vested on August 10, 1979, clearly in the gap period. This Court sustained the debtors' application to avoid the lien as per its previous holding in In re Primm,*

*6 B.R. 142 (Bkrtcy.D.Kan.1980). Although the Tenth Circuit overruled the portion of the Primm opinion that held that § 522(f) could be applied to pre-enactment security interests, the Tenth Circuit did not overrule the portion of the Primm opinion that held that § 522(f) could be applied to gap security interests. Therefore, that portion of the Primm holding remains viable.*

*(A) household furnishings, household goods, wearing apparel, appliances, books animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;"*

Since the debtors filed their petition after the April 28, 1980 effective date of Kansas opting out of the federal exemption package,[2] we must look to the Kansas exemption statute to see if the debtors have an exemptable interest. The Kansas exemption statute, K.S.A. 60–2304 states in pertinent part as follows:

*"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:*

*(1) The furnishings, equipment and supplies, including food, fuel and clothing, for the family for a period of one (1) year on hand and reasonably necessary at the principal residence of the family."*

The authority is split on the issue of whether a debtor has an exemptable interest in property in which the debtor has no equity. See *In re Dubrock*, 5 B.R. 353, 2 C.B.C.2d 776 (Bkrtcy.W.D.Ky.1980); *In re Ford*, 3 B.R. 559, 1 C.B.C.2d 840 (Bkrtcy.D.Md. 1980); But see *In re McCoy*, 643 F.2d 684 (10th Cir. 1981); *In re Cummings*, 413 F.2d 1281 (10th Cir. 1969).

In *McCoy*, the Tenth Circuit construed the Oklahoma exemption statute, 1977 Okla. Sess. Laws ch. 238, sec. 1, § 1(10) and sec. 2, § 4. That statute provided for an exemption of *"one (1) motor vehicle having an equity value not to exceed One Thousand Five Hundred Dollars ($1,500.00)."* (emphasis added)

In *Cummings*, the Tenth Circuit construed the Colorado exemption statute, Colo.R.S.1963, 77–2–2(1)(f). That statute exempted household goods up to $750.00 in value for a person with dependents and up to $250.00 in value for a single person.

Value was defined by Colo.R.S.1963, § 77–2–1(6) as follows:

*"Value is the fair market value of any property less the amount of any lien or liens thereon valid as between the owner of the property and the holder or holders of any such lien or liens."* (emphasis added)

Unlike the Oklahoma or Colorado statutes, the Kansas exemption statute does not put any value limitations on the exemption. Had the Kansas legislature intended for the exemption to be limited to the equity value, it could have drafted K.S.A. 60–2304(1) to read like the Colorado or Oklahoma statutes. Instead, it chose not to put any value limitations on the household goods exemption.

Therefore, this Court follows its previous holding in *In re Noland*, 13 B.R. 766 (D.Kan.1981), opinion which is adopted and incorporated by reference, where this Court held that a debtor has an exemptable interest in property, with or without equity. Therefore, since Dial Finance's lien impairs an interest that could be exempted under § 522(b) via K.S.A. 60–2304, the debtors' application to avoid Dial Finance's lien under § 522(f)(2) is sustained.

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**2.** *Act of April 22, 1980, K.S.A. 60–2312 (1980 Supp.)*