**In re Roger Shane PEBSWORTH and Tela Denise Pebsworth, a/k/a Tele Denise Adcock a/k/a Tele Denise Vanorsdell, Debtors.**

**Bankruptcy No. 89–03803–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 6, 1990.

Gary W. Wood, Tulsa, Okl., for debtors.

Kenneth L. Stainer, Tulsa, Okl., for trustee.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

Upon the Debtors' amended claim for exemption and the Trustee's objection thereto, the Court, having examined the record including briefs submitted by both parties, makes the following findings of fact.

## FINDINGS OF FACT

In May 1989, the Debtors gave a purchase money security interest in their mo-

bile home to the predecessor in interest of Lender Service, Incorporated ("Lender Service") the creditor herein. Neither the predecessor in interest nor Lender Service properly perfected the security interest in accordance with Oklahoma law. The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 13, 1989. On the date of bankruptcy the value of the mobile home was $30,000.00 and the outstanding balance due Lender Service was $30,455.51. The Debtor, therefore, had no equity in the property.

On June 11, 1990, this Court entered an Order subordinating the unperfected security interest of Lender Service to the interest of the Trustee. The basis of this decision·reflects the interplay between Section 544(a)(1) of the Bankruptcy Code and 12A O.S. § 9–301(1)(b) and (3). Under the Bankruptcy Code, the Trustee is given the rights and powers of a judicial lien claimant and under the Oklahoma statute an unperfected security interest is subordinate to the rights of a lien creditor which includes the Trustee in bankruptcy. Thereafter on June 12, 1990, the Debtors amended their claim of exemption to include a homestead exemption in the mobile home pursuant to 31 O.S. § 1(A)(2).

## CONCLUSIONS OF LAW

The issue to be decided is whether the mobile home can be claimed as exempt by the Debtors or whether the Trustee can sell it and distribute the proceeds to the creditors. This exact question was decided under the old Bankruptcy Act by the Tenth Circuit in *In re McCoy*, 643 F.2d 684, 687 (10th Cir.1981). In this case the debtor had claimed a 1977 Cadillac automobile as exempt. The vehicle was subject to an unperfected security interest in favor of GMAC and the indebtedness of the debtor exceeded the value of the vehicle. The Court of Appeals denied the debtor's claim of exemption because the debtor had no equity in the vehicle at the time of bankruptcy and therefore had nothing to claim as exempt.

The Court quoted from *In re Cummings*, 413 F.2d 1281, 1286 (10th Cir.1969) as follows:

The real controversy here is between the sellers who want to collect the purchase price and the trustees who wish to invalidate the liens and take the proceeds, up to the amount of the liens, for the bankrupt estates. In either event the bankrupts get for themselves the equity and nothing more. The sellers benefit if the exemption applies to the articles of property because the purchase money mortgages are valid between the sellers and the purchasers. The general creditors benefit if the exemption applies to the equity because then the property becomes part of the bankrupt estate and the liens are invalid against the trustee who sells the property and pays into the estate the amount of the liens with the excess going to the bankrupts under their exemptions. . . .

The court stated as follows:

When, as here, liens encumber a vehicle subject to exemption, the bankrupt, in practical terms, can be assured of no more than his equity interest. As we noted in *Cummings*, treating the exemption as extending to the vehicle itself does little more than assure the lienholder a priority in the vehicle he might not be entitled to if the vehicle passed through the bankruptcy estate. Here, for example, GMAC would enjoy a priority in the exempt vehicle that GMAC would not receive in bankruptcy because it failed to perfect its security interest. (footnote omitted)

The 1980 amendment to the Oklahoma exemption statute, *see* note 2 *supra*, though not controlling this case, supports our conclusion that the Oklahoma legislature intended to extend exemption only to equity interest. . . .

Following this decision of the Tenth Circuit this Court holds that since the Debtor has no equity in the mobile home his claim of exemption will be denied.[1] The Debtor

---

**1.** Even though the *McCoy* case was construing the old Bankruptcy Act, the analysis also applies under the present Code.

contends that he can claim the mobile home exempt under § 522(g), (h), (i) and (j) of the Code. These sections only apply to situations where the Debtor or Trustee avoids a transfer of property and recovers it for the benefit of the estate. Under certain limited circumstances, the debtor can claim an exemption in the recovered property. These provisions have no application to the present case because neither the Trustee nor the Debtor has avoided any transfers and recovered property for the estate. All that has happened is that the Trustee has subordinated an unperfected security interest of Lender Service in the mobile home. No avoidance of transfer is involved. The Trustee merely has a superior right and interest in the mobile home to that of Lender Service. The security interest of Lender Service, however, is still valid as against the Debtor as its unperfected lien has not be voided but merely subordinated to the interest of the Trustee.

If the Court were to allow the Debtor's claim of exemption, the Debtor would retain the property subject to the lien of Lender Service. Therefore, the party benefited by allowing the claim of exemption is neither the Debtor nor the Trustee, but instead, Lender Service. This should not happen because the interest of Lender Service is subordinate to the Trustee's interest. This litigation is essentially a struggle between the Trustee and Lender Service. The Debtor stands to gain nothing. To allow the claim of exemption would put the interest of Lender Service ahead of the Trustee.

The Court will enter a separate order sustaining the Trustee's objection.