In re Louise Mae ELDRIDGE, Debtor.

Louise Mae ELDRIDGE, Plaintiff,

v.

COMMERCIAL CREDIT CORP.,
Defendant.

Bankruptcy No. 181–00331.

United States Bankruptcy Court,
D. Maine.

July 20, 1982.

Arthur R. Dingley, Legal Clinics of Maine, Bangor, Maine, for debtor/plaintiff.

Thomas W. Savage, Philip Ingeneri, Bangor, Maine, for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The debtor, Louise Mae Eldridge, seeks to avoid the defendant's nonpossessory, non-purchase-money security interest in a 1977 Subaru Sedan automobile, and in various

household goods, including three television sets.[1] The agreement granting the defendant its security interest was executed in October, 1980. The debtor filed her bankruptcy petition on October 20, 1981. A hearing was held on March 3, 1982, and the parties were given an opportunity to submit briefs.

The sole factual issue in dispute is the value of the automobile. The automobile is five years old, dented and badly rusted. The Court accepts the testimony of Donald Deveau, president of a local automobile dealership, that the automobile is worth $1,500.

The debtor contends that she can avoid the defendant's security interest in her household goods pursuant to 11 U.S.C. § 522(f)(2)(A), and that the defendant's security interest in her automobile is void in part pursuant to Me.Rev.Stat.Ann. tit. 14, § 4422(2) (Supp.1981–82).

### I. The Household Goods

Title 11 U.S.C. § 522(f)(2)(A) provides in part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> .    .    .    .    .
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
>
> (A) household furnishings, household goods, . . . , appliances . . . held primarily for the personal, family, or household use of the debtor. . . .

Subsection (b) of 11 U.S.C. § 522 permits a debtor to choose between taking the exemptions provided in section 522(d) of the Bankruptcy Code or taking applicable state exemptions, unless state law forbids election of the former. A debtor who takes a state exemption in household goods is still entitled under 11 U.S.C. § 522(f)(2) to avoid a lien in such property to the extent the exemption is allowed by the state. *See In re Fisher*, 11 B.R. 666 (Bkrtcy.W.D.Okl. 1981); *In re Meadows*, 9 B.R. 882 (Bkrtcy. N.D.Ga.1981); 3 *Collier on Bankruptcy* ¶ 522.29[1] (15th ed. 1982). Of course, in any case, the debtor may only avoid a lien or security interest *to the extent* it impairs the debtor's exemption; the creditor's lien or interest will continue in household goods, for example, to the extent that such goods are worth more than the amount of the debtor's exemption.[2] *See In re Kursh*, 9 B.R. 801, 802–03 (Bkrtcy.W.D.Mo.1981).[3]

---

1. The security agreement lists the following household goods as security: Zenith color T.V.; one two-piece living room set; one pine hope chest; one double bed, two bureaus; one canopy bed, two bureaus; one twin bed, two bureaus; one desk and chair; one stove; one Bradford refrigerator; one Sears washer; one Sears dryer; one Sears portable T.V.; one Emerson portable T.V.

2. At the hearing, the parties stipulated that each "household good" here in question is worth less than $200.

3. The defendant argues that only the debtor's equity interest in the automobile can be claimed as exempt, and, therefore, under 11 U.S.C. § 522(f), the defendant's lien does not impair the debtor's exemption and cannot be avoided. This argument ignores the plain language of section 522(f) which states that the debtor may avoid a lien to the extent such lien "impairs an exemption to which the debtor *would have been entitled* under subsection (b) of this section. . . ." (Emphasis added). Obvi-

ously, as the legislative history makes clear, the statute is referring to the exemption to which the debtor would have been entitled *in the absence of the lien.* House Rep.No.95–595, 95th Cong., 1st Sess. 362 (1967); Sen.Rep.No. 95–989, 95th Cong., 2d Sess. 76 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. *Accord, In re Lovett*, 11 B.R. 123, 125, 7 B.C.D. 585, 586, 4 C.B.C.2d 89, 91 (D.Mo.1981); *In re Kursh*, 9 B.R. 801, 802–804, 7 B.C.D. 592, 593–594, 4 C.B.C.2d 84, 86–88 (Bkrtcy.W.D.Mo. 1981) and cases cited therein. A contrary interpretation would render section 522(f)(2) practically useless.

The defendant attempts to bolster his argument by looking to the intent of the Maine Legislature in amending Me.Rev.Stat.Ann. tit. 14, § 4401(1) (1980) (repealed by P.L.1981, c. 431, § 1) to provide for an exemption in "the debtor's interest, not to exceed $1,000, in one motor vehicle." Prior to 1977, section 4401(1) exempted "one automobile or truck not exceeding $600 in value." *See* P.L. 1977, c. 453, § 1. The defendant concludes from the differing lan-

In October, 1980, when the debtor granted the security interest in household goods to the defendant, a debtor filing in Maine in bankruptcy could choose either the Bankruptcy Code exemptions or the state exemptions. With respect to household goods and appliances, the Code permitted a debtor to exempt "[t]he debtor's interest, not to exceed $200 in value in any particular item, in . . . household goods, . . . appliances. . . .";[4] the State exempted "the debtor's interest, not to exceed $1,000, in household furniture and goods necessary for himself, his spouse and children; one bed . . . for each such person; one radio and one television not exceeding $200 in total values. . . ."[5] By October, 1981, however, when the debtor filed her bankruptcy petition, Maine's exemption statutes had been repealed and replaced. *See* Me.Rev.Stat. Ann. tit. 14, §§ 4421 *et seq.* (Supp. 1981–82). The new statute restricted debtors to taking *only* the state exemptions, but the new state exemption for household goods and appliances adopted the language of the household goods exemption in the Bankruptcy Code. *Compare* 11 U.S.C. § 522(d)(3) *with* Me.Rev.Stat.Ann. tit. 14, § 4422(3) (Supp.1981–82).

■ The defendant contends that its rights in the household goods must be governed by the exemption statute in effect when the security agreement was made, *i.e.,* in October, 1980. Therefore, it concludes, the debtor may only avoid security interests in one television pursuant to Me.Rev.Stat. Ann. tit. 14, § 4401(1) (repealed), for to permit the debtor to use the more liberal exemptions provided in the new Maine law would violate constitutional prohibitions. The new Maine exemption, however, is exactly the same as the Bankruptcy Code exemption available to debtors in October, 1980. Thus, at the time this security interest was created, it was subject to avoidance under 11 U.S.C. § 522(f) to exactly the same extent as it is today. Because each item in question is worth less than $200, *see* note two *supra,* the defendant's security interest in the household goods and appliances is avoided.

## II.   The Automobile

■ The debtor does not contend that her automobile is a "tool of the trade" or otherwise falls within the categories of property to which 11 U.S.C. § 522(f) permits avoidance of nonpossessory, nonpurchase-money security interests.[6] Rather, the debtor contends that pursuant to Me. Rev.Stat.Ann. tit. 14, §§ 4422(2), 4425(2) (Supp.1981–82) her interest in the first

guage that the legislature "has recognized that the phrase 'debtor's interest in' has a distinctive and recognized meaning." The defendant is correct. In *Perkins v. McGonagle,* 342 A.2d 287 (Me.1975) the Maine Supreme Judicial Court followed ancient Maine case law and construed section 4401(1)'s exemption in "one automobile or truck not exceeding $600 in value" as exempting a vehicle "as a totality according to its full value or not at all". *Id.* at 289, 290 n.3. The Court specifically referred to the legislature's failure to insert express language in the exemption statutes that would override this principle enunciated in cases decided in the 1850's. *Id.* at 290, n. 3. The Legislature's 1977 amendment was undoubtedly a reaction to this case; the Legislature intended to permit a debtor to exempt part of the value of a single unit chattel even though the chattel's full value exceeded the maximum amount of the allowable exemption. (The same 1977 amendment enacted Me.Rev.Stat. Ann. tit. 14, § 4402 (1980) (repealed) (providing for a forced sale where the debtor's interest exceeds his exempt interest in personal property.)) Nothing indicates that the Legislature in-

tended to limit the avoidance of liens or security interests. Finally, even assuming that Maine intended to limit the operation of section 522(f), it has been held that such a limitation violates the supremacy clause of the U. S. Constitution. *See, e.g., In re Strain,* 16 B.R. 797, 5 C.B.C.2d 1317 (Bkrtcy.D.Idaho 1982).

4.  11 U.S.C. § 522(d)(3).

5.  Me.Rev.Stat.Ann. tit. 14, § 4401(1) (1980) (repealed and replaced by Me.Rev.Stat.Ann. tit. 14, §§ 4421 et seq.).

6.  The defendant's security interest in the debtor's household goods and automobile stems from a single security agreement. Because the security interest in the household goods is to be avoided, the debtor argues that the entire security agreement as a whole is avoidable. The Court rejects that position. *Cf. In re Kursh,* 9 B.R. 801, 7 B.C.D. 592, 4 C.B.C.2d 84 (Bkrtcy. W.D.Mo.1981) (security interest avoided in part).

$1,200 of value in the automobile is exempt from the defendant's nonpurchase-money security interest. Section 4425 provides:

§ 4425. Exceptions.

1. Residence. The debtor's interest in a residence shall not be exempt from claims secured by real estate mortgages on or security interests in the residence or claims of lien creditors under Title 10, chapter 603 [Me.Rev.Stat.Ann. tit. 10, §§ 3251 et seq.].

2. Other property. The debtor's interest in other property shall not be exempt from claims secured by purchase money security interests in the property, except that the debtor's interest in property otherwise exempt under section 4422, subsections 8 and 9 [farm equipment and fishing boat exemptions] shall not be exempt from claims secured by security interests in the property.

Section 4425 was enacted by P.L. 1981, c. 431, which repealed and replaced the former Maine exemption law, Me.Rev.Stat.Ann. tit. 14, §§ 4401 et seq. (1980). Repealed section 4401 provided in part:

The following personal property is exempt from attachment and execution and such right of exemption may not be waived, pledged or given as security or collateral, except as security for the purchase thereof....

See also Me.Rev.Stat.Ann. tit. 14, § 4551 (1980) (repealed by P.L. 1981, c. 431, § 3) (homestead exemption). Repealed section 4401 granted a debtor the right to exempt property even where encumbered by a non-purchase-money security interest. See In re Roberts 22 B.R. 215 (Bkrtcy.D.Me.1982.) The court interprets section 4425 as having the same effect. The Legislature must have intended state exemptions generally to be effective as against security interests with certain "exceptions" listed in section 4425; otherwise section 4425 would be senseless surplusage. The different treatment given to farm equipment and fishing boats on the one hand as opposed to "other property" on the other hand makes it clear that "other property" was intended to be exemptable

from nonpurchase-money security interests. The court concludes that pursuant to section 4422(2), the debtor's interest in the first $1,200 of value of the automobile is exempt from the defendant's security interest.

The defendant again contends that its rights in the automobile must be governed by the exemption statute in effect when the security agreement was made. That argument has some merit here, since repealed section 4401(1) exempted the debtor's interest not to exceed $1,000, while current section 4422(2) exempts the debtor's interest not to exceed $1,200. In addition, 11 U.S.C. § 522(f) is generally unavailable for avoiding nonpurchase-money security interests in automobiles.

■ Article I, section 10, clause 1 of the United States Constitution prohibits any state from passing a law which impairs the obligations of contracts. That prohibition is not absolute, however. In determining whether a state statute impairs contracts the court must inquire: (1) whether the statute substantially impairs the contractual relationship, and (2) whether the statute is reasonable and necessary for the accomplishment of an important public purpose. Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978); see El Paso v. Simmons, 379 U.S. 497, 508–09, 85 S.Ct. 577, 583–84, 13 L.Ed.2d 446 (1965). "Minimal alteration of contractual obligations may end the inquiry at its first stage. Severe impairment will push the inquiry to a careful examination of the nature and purpose of state legislation." Allied Structural Steel Co., 438 U.S. at 245, 98 S.Ct. at 2723.

■ The $1,000 exemption was enacted in 1977 and raised to $1,200 in 1981. See P.L. 1977, c. 453; P.L. 1981, c. 431. Application of the increased exemption seems to be a minimal alteration of the parties' contractual relationship. See In re Ageton, 6 B.R. 727, 729 (Bkrtcy.D.Ari.1980) (application of homestead exemption increased from $15,000 to $20,000 approved); In re Curry, 5 B.R. 282, 292–93, 2 C.B.C.2d 710, 720–22 (Bkrtcy.N.D.Ohio 1980) (application of household goods exemption increased from

$600 to $1,500 approved) *aff'd.* 11 B.R. 716, 7 B.C.D. 968 (N.D.Ohio 1981); *In re Echavarren,* 2 B.R. 215, 5 B.C.D. 1229 (Bkrtcy.D. Idaho 1980) (application of homestead exemption increased from $10,000 to $25,000 not approved); *Wilkinson v. Carpenter,* 277 Or. 557, 561 P.2d 607 (1977) (application of homestead exemption increased from $7,500 to $12,000 approved).

The general purpose underlying exemption statutes is to secure to a debtor the means to support himself and his family. *In re Breau,* 17 B.R. 697 (Bkrtcy.D.Me. 1982). In light of the rate of inflation in the past years, a 20 percent increase in the allowed maximum exemption in a motor vehicle is clearly reasonable and necessary to accomplish that goal. Providing debtors the means to support themselves enables debtors to be productive members of society, enhances human dignity, and avoids increased public assistance expense and the oft-accompanying social costs. Clearly, exemption statutes further an important public purpose.

Therefore, the court holds that the debtor is entitled to claim a $1,200 motor vehicle exemption pursuant to Me.Rev.Stat.Ann. tit. 14, § 4422(2) (Supp.1981–82).