In re Valerie Dee VanGORP, Debtor.

Valerie Dee VanGORP, Plaintiff,

v.

NORWEST FINANCIAL WYOMING, INC., Defendant.

Bankruptcy No. 90–05214–C.
Adv. No. 90–0517.

United States Bankruptcy Court,
D. Wyoming.

May 9, 1991.

Stephen R. Winship, Donald R. Winship & Associates, P.C., Casper, Wyo., for movant.

Thomas M. Hogan, Casper, Wyo., for respondent.

## DECISION DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

HAROLD L. MAI, Bankruptcy Judge.

THIS MATTER is before the court on the debtor/plaintiff's Motion for Partial Summary Judgment.

The issue before the court today is whether a debtor's claim of exemption in a vehicle under W.S.1977, § 1–20–106(a)(iv) (July 1990 Cum.Supp.) is superior to a non-purchase money security interest in that vehicle.

### UNDISPUTED FACTS

The facts, as necessary for determination of this Motion for Partial Summary Judgment, are not in dispute. On July 12, 1989, the plaintiff borrowed $3,406.57 from defendant. To secure this loan, the plaintiff gave defendant a security interest in a 1982 Ford Pickup, V.I.N. 1FTEX14G3CKA 195 19. The plaintiff did not use the proceeds of the loan to purchase the pickup truck. Defendant has a valid and properly perfected security interest in the pickup truck. On July 23, 1990, the debtor/plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On her B–4 Schedule of property claimed as exempt, the plaintiff claimed a $2,000 exemption in the pickup pursuant to W.S. 1977, § 1–20–106(a)(iv) (July 1990 Cum. Supp.). There was no objection filed to this claim of exemption, and the time for filing such objection has now expired. The value of the pickup truck, was approximately $2,000 at the time of the confirmation hearing.

### DISCUSSION AND CONCLUSIONS

■ The Wyoming Statutes provide for an exemption from judicial process for a vehicle:

(a) The following property, when owned by any person, is exempt from levy or sale upon execution, writ of attachment of any process issuing out of any court in this state and shall continue to be exempt while the person or the family of the person is moving from one (1) place of residence to another in this state:

\* \* \* \* \* \*

(iv) A motor vehicle not exceeding in value two thousand dollars ($2,000.00).

\* \* \* \* \* \*

W.S.1977, § 1–20–106(a)(iv) (1990 Cum. Supp.).

In this adversary proceeding, the debtor/plaintiff seeks to use § 506 of the Bankruptcy Code to avoid $2,000 worth of the consensual lien she granted to the defendant. Section 506 of the Bankruptcy Code provides, in part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

\* \* \* \* \* \*

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. §§ 506(a) and (d).

▮ A debtor in a Chapter 7 case may not use § 506(d) as a lien avoidance section for property not administered by the trustee. *In re Dewsnup*, 908 F.2d 588 (10th Cir.1990). In this jurisdiction, a debtor in a Chapter 13 case may use § 506(d) to avoid the unsecured portion of an undersecured lien. *In re Hart*, 923 F.2d 1410 (10th Cir. 1991), reh'g denied.

It is the plaintiff's position that the amount of her $2,000 vehicle exemption must be subtracted first from the value of the vehicle. If so, then there is no remaining value to secure defendant's loan. Therefore, the plaintiff argues the lien should be declared entirely void pursuant to § 506(d).

In other words, the plaintiff believes that a non-purchase money consensual lien does not attach to the first $2,000 of value of a vehicle belonging to an individual in Wyoming.

Wyoming case law does not answer the question of whether or not the plaintiff's $2,000 exemption in a vehicle is superior to a previously granted consensual lien.

A review of Federal case law on this issue yields two (2) cases decided under the former Bankruptcy Act, in which the Tenth Circuit Court of Appeals held that the Oklahoma vehicle exemption applied only to the debtor's equity in the vehicle, *In re McCoy*, 643 F.2d 684 (10th Cir.1981), and that the Colorado household goods exemption applied only to the debtors' equity. *In re Cummings*, 413 F.2d 1281 (10th Cir. 1969).

Although these decisions are persuasive, neither of the statutes construed in these two (2) cases are exactly identical to the Wyoming vehicle exemption statute at issue here. The Colorado household goods exemption statute construed in the *Cummings* case defined "value," as net of consensual liens. 413 F.2d at 1284. Similarly, the *McCoy* case was construing an Okla-

homa statute providing an exemption for "[o]ne (1) motor vehicle having an *equity value* not to exceed One Thousand Five Hundred Dollars." 643 F.2d at 687 (emphasis added); *see also In re Pebsworth*, 121 B.R. 600 (Bankr.N.D.Okla.1990) (Oklahoma homestead exemption applies only to the debtor's equity in mobile home).

Unlike the statutes construed in *Cummings* and *McCoy*, the Wyoming exemption statutes do not define or specify whether or not "value" is limited to equity value.

Upon careful reading of § 1–20–106(a), this court concludes that under Wyoming law, a consensual lien still attaches and is valid even though it encumbers a debtor's exempt personal property. This is because the protection afforded by § 1–20–106(a) is limited to protection from *involuntary* transfer by a creditor's use of legal process, such as forced sale upon attachment or execution. The statute specifies that the exemption is from "levy or sale upon execution, writ of attachment or any process issuing out of any court in this state." Thus, a consensual lien encumbering exempt property may still be enforced if the debtor sells, or otherwise attempts to voluntarily transfer, an interest in the property.

Plaintiff cites *In re Eldridge*, 22 B.R. 218 (Bankr.D.Maine 1982), in support of her position. *Eldridge* is clearly distinguishable because it involved a Maine statute with very different language than the one at issue in this case. That Maine statute and its legislative history made it clear that the first $1,200 value of an automobile was exempt from any security interest. *Id.* at 221. In contrast to the Maine statutes at issue in *Eldridge*, the Wyoming statutes do not contain any similar provision for exemption "from claims secured by security interests in the property." *Id.* Wyoming Statute Section 1–20–106 contains no reference whatsoever to security interests. Thus, under the ordinary meaning of the language of the statute, the Wyoming vehicle exemption is limited to involuntary transfer by means of legal process.

■ The plaintiff also argues that the Wyoming vehicle exemption and the Wyoming homestead exemption should be construed in a like manner. However, such a construction ignores the differences in the statutes establishing these two (2) different exemptions. The Wyoming Constitution provides for a homestead right.

A homestead as provided by law shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon.

Wyo. Const. art. 19, § 9.

Although the Wyoming Constitution only requires a homestead exemption against "forced sale," the Wyoming Statutes provide additional protection. Section 34–2–121 provides,

Every owner or occupant of a homestead as established herein *may voluntarily sell, mortgage,* or otherwise dispose of *or encumber the same; provided* the instrument of writing conveying, mortgaging, disposing of or encumbering such homestead *shall contain in substance the following words:* "Hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this state", and shall be freely and voluntarily signed and acknowledged by the owner and the spouse of the owner of said homestead. The foregoing provisions shall not be applicable to nor shall compliance therewith be required for full legal effectiveness of any conveyance of property directly from husband to wife.

(Emphasis added.)

Under this section, a voluntary conveyance of a homestead is not effective unless accompanied by a waiver of homestead. *Id.; Geist v. Converse County Bank,* 79 B.R. 939 (D.Wyo.1987). Thus, a consensual, but non-purchase money, lien does not attach to the first $10,000 in value of a debtor's homestead *unless* it is accompanied by an informed, voluntary, and specific waiver of the homestead exemption provided by article 9 of the Wyoming Constitution and §§ 1–20–101, 102, 103, 104, 107, and 108 of the Wyoming Statutes.

■ In contrast, there is no requirement of a waiver of exemption necessary to voluntarily convey an interest in other exempt property. Therefore, like a homestead, other exempt property enjoys protection from involuntary sale or process of law. However, unlike the homestead, other exempt property does not enjoy the extra protection from voluntary alienation without a specific waiver in writing. Therefore, this court concludes that the exemption from forced sale, and process of law does not mean that the creditor's lien did not attach to the first $2,000 in value of the automobile. Instead all it means is that the first $2,000 in value is exempt from involuntary alienation by any process of law.

Section 522 of the Bankruptcy Code clearly states that a lien on exempt property *remains enforceable* under four (4) specific conditions:

\* \* \* \* \* \*

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, *except*—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed; or

(3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regu-

latory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

11 U.S.C. § 522(c) (emphasis added).

In order to apply § 522, it is necessary to specify what this case does not involve. It does not involve a "judicial lien" within the meaning of the Bankruptcy Code. 11 U.S.C. § 101(32). It does not involve a purchase money security interest. This issue would not arise if this were a purchase money security interest because, pursuant to W.S.1977, § 1–20–108(a), the exemptions set forth in W.S.1977, §§ 1–20–101 through 109 do not apply to purchase money security interests. This case does not involve a lien on the debtor's household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, jewelry, tools of the trade, or professionally prescribed health aids. Thus, this case does not involve the lien avoidance provisions set forth in 11 U.S.C. § 522(f).[1] This case does not involve a debt for taxes or for child support or alimony. This case does not involve property that the trustee recovered from a third party pursuant to any of the trustee's "avoiding powers" under the Bankruptcy Code.

As noted above, defendant's lien is not one which may be avoided under subsection (f) or (g) of § 522. Similarly, this case does not involve any of the other circumstances set forth in § 522(c)(1); (c)(2)(A)(i); or (c)(3).

Under plaintiff's position, the only condition that is arguably applicable is § 522(c)(2)(A)(ii), namely to the extent that the lien "is not void under § 506(d)." Under the plaintiff's theory, the defendant's lien did not attach to the first $2,000 in value of the vehicle. Therefore, she argues that under § 506(d), the lien would be void because the entire amount of the lien exceeded the non-exempt value of the vehicle.

However, only if the lien is first considered void as to the amount of the $2,000 exemption, would the lien be entirely void as to § 506(d).[2] In this case, the consensual lien does attach to the first $2,000 in value and, therefore, the lien is *"not* void" pursuant to § 506(d).

It is exactly such "exempt" property as is at issue today which subsection (c) of § 522 addresses. Under subsection (c), it is very clear that if the exempt property in question is one for which a lien cannot be avoided, under another subsection of 522 or another section of the Bankruptcy Code, then the property remains subject to such lien by virtue of § 522(c).

In contrast, subsection (f) of § 522, allows avoidance "to the extent that such lien impairs an exemption to which the debtor *would have been entitled* under subsection (b)." (emphasis added). Thus, it applies even if the debtor has no equity in the property. *In re Leonard*, 866 F.2d 335 (10th Cir.1989). Therefore § 522(f) may be used to avoid the lien on household goods and other specified categories of property that are fully encumbered with liens up to the value of the property. *Id.*

If this vehicle was the plaintiff's tool of the trade, then she would be able to do exactly what she seeks herein. The lien would be avoided, pursuant to § 522(f), to the extent that she "would have been entitled" to an exemption. Then the undersecured portion of the lien, in this case the entire debt, would be avoided under § 506(d).

As the interplay between subsections (f) and (c) of § 522 make clear, there is a very important distinction between the effect of general exemptions under Wyoming State law and the right to avoid liens on certain categories of exempt property under the Bankruptcy Code. Pursuant to § 522(c), all unavoided liens on otherwise exempt

---

**1.** The United States Supreme Court recently accepted certiorari in a case involving the interplay of the state law and lien avoidance on exempt property pursuant to section 522(f) of the Bankruptcy Code. *Owen v. Owen*, 877 F.2d 44 (11th Cir.1989), cert. granted, May 14, 1990. However, because it involves only the type of exempt property to which section 522(f) applies, it will likely shed little light on the problem before the court today.

**2.** This court does not decide today the very different question of whether a judgment lien can attach to the first $2,000 in value of a vehicle under Wyoming law.

property travel through the bankruptcy estate unaffected. 3 COLLIER ON BANKRUPTCY ¶ 522.27 at 522–85 through 87 (15th ed. 1991).

Under this court's ruling today, the plaintiff retains the protection afforded under Wyoming law, to $2,000 in value of a vehicle, from forced sale or other involuntary transfer by legal process. This gives the plaintiff the same exemption rights that any other Wyoming resident who did not file bankruptcy in Wyoming would enjoy.[3]

However, by filing this adversary the plaintiff is seeking something more. By means of this bankruptcy case, what the plaintiff attempts to do is to voluntarily retain the property and reduce the amount of the lien that must be paid by the amount of the $2,000 exemption. Under her interpretation, the plaintiff would own the vehicle free and clear of any encumbrance and, upon confirmation of her plan, would then be free to sell or otherwise voluntarily transfer it without payment of any amount on the lien. This is a very different thing than the protection against forced sale or use of process afforded under W.S.1977, § 1–20–106 (1990 Cum.Supp.). Under the Bankruptcy Code, such lien avoidance treatment is permissible only for the very specifically named and limited categories of property and categories of liens as set forth in § 522(f)(2). This special treatment under Federal law is an important part of the debtor's fresh start. However, to grant the plaintiff's motion would be to rewrite the Bankruptcy Code to extend § 522(f)(2) to all exempt property. This would give this debtor/plaintiff rights in consensually encumbered property greater than those she is afforded under either the Bankruptcy Code or under the Wyoming exemption statutes.

The plaintiff's claim of exemption was not objected to and she retains her exemption for a $2,000 value against forced sale or involuntary transfer by use of legal process. Because of the distinction between exemptions and lien avoidance, the decision today has little practice effect unless and until the plaintiff attempts to transfer the vehicle or encumber it with another lien. Until that time, $2,000 worth of equity in the vehicle remains exempt from execution or forced sale either in or out of bankruptcy.

Thus, it appears that even though the exempt portion of the lien is not avoided, the creditor may not be able to execute or foreclose on the vehicle after the bankruptcy because the $2,000 value will still be "exempt from levy or sale upon execution, writ of attachment or any process issuing out of any court in this State." However, that matter is not before the court today.

What is clear, is that at the end of the term of this plan, if the plaintiff has made all of the payments required by the plan, she will be discharged from any personal liability remaining for the loan secured by the vehicle. Accordingly, the debt may not be enforced against her personally. The vehicle, however, will remain subject to whatever portion of the allowed secured claim that is not paid. 11 U.S.C. § 522(c).

The amount of that allowed secured claim will be the value of the vehicle. Although the amount of the allowed secured claim is not before the court today as part of the Motion for Partial Summary Judgment, if the value of the vehicle is $2,000, the amount of the allowed secured claim is $2,000. 11 U.S.C. § 506(a). Thus, the plaintiff eventually may use § 506(d) to void the lien in excess of that amount. Therefore, the amount of defendant's lien will, by operation of § 506(d), eventually be reduced to the value of the vehicle.

The court will enter an appropriate order.

---

**3.** It should be remembered that the Wyoming Legislature exercised its right to "opt-out" of the Federal list of exemptions, thereby evidencing its intent to limit its citizens filing for bankruptcy relief to the same exemptions that its non-filing citizens may assert. W.S.1977, § 1–20–109 (June 1988 Supp.); 11 U.S.C. § 522(b)(1).