In re Edith N. WILLIAMS, Debtor.

Edith N. WILLIAMS, Plaintiff,

v.

THIRD NATIONAL BANK IN NASHVILLE, Defendant.

Bankruptcy No. 380–02818.
Adv. Proc. No. 380–0710.

United States Bankruptcy Court,
M. D. Tennessee.

Feb. 4, 1981.

Bracken Ingram, Nashville, Tenn., for debtor.

James Wm. Hofstetter, Jr., for Third National Bank.

## ORDER

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

The debtor has filed a complaint seeking pursuant to 11 U.S.C. § 722 to redeem a 1973 model automobile from a lien securing a debt owed to Third National Bank in Nashville. The debtor alleges that the automobile is worth $250. The bank asserts that the debt it secures exceeds $5,000.

The bank has filed a motion to dismiss, citing the provision of 11 U.S.C. § 722 which grants debtors the right to redeem property if it is "exempted under § 522 of this title or . . . abandoned under § 554." The debtor did not claim any interest in the automobile as exempt property in her schedules. The trustee has not abandoned any interest he might have in the automobile.

This court has previously concluded that a debtor may exempt only her equity in property subject to a security interest. *In re Morgan*, 6 B.R. 701 (Bkrtcy.M.D.Tenn. 1980). Because there obviously is no equity in the automobile, the debtor had no interest which she could claim as exempt. Debtors' redemption rights, however, are not limited to property in which they have an exemptable equity interest. If they were so limited, debtors could only redeem property by paying in full the secured debts—a right that they already had under § 9–506

of the Uniform Commercial Code. In the legislative history of 11 U.S.C. § 722 Congress always recognized that the redemption rights conferred by this new bankruptcy law provision were "broader than rights of redemption under the Uniform Commercial Code." H.Rep.No.95–595, 95th Cong. 1st Sess. 380 (1977); S.Rep.No.95–589, 95th Cong. 2d Sess. 95 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6336. Debtors redeem property pursuant to § 722 by paying the holder of the lien "the amount of the allowed secured claim of such holder that is secured by such lien." Section 506(a) provides that a

> claim of a creditor secured by a lien on property . . . is a secured claim to the extent of the value of such creditor's interest . . . in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a) (1979). The legislative history of this provision recognizes that it "separates an undersecured creditor's claim into two parts: He has a secured claim to the extent of the value of his collateral; and he has an unsecured claim for the balance of his claim." S.Rep.No.95–989, 95th Cong. 2d Sess. 68 (1978); *see* H.Rep.No.95–595, 95th Cong. 1st Sess. 356 U.S.Code Cong. & Admin.News 1978, p. 5854 (1977). The amount of the allowed secured claim of an undersecured creditor is the value of the collateral. Thus, § 722 obviously extends to debtors the right to redeem property in which they have no equity.

Where a secured creditor asserts that its security interest is properly perfected and the secured debt is far in excess of the value of the collateral, as in this case, the court is of the opinion that the secured creditor cannot invoke the trustee's failure to take timely action to recognize the validity of the security interest as a means of defeating the debtor's attempt to redeem the property. In a redemption proceeding the potential interest of the trustee in the property being redeemed is a matter of

concern to the debtor, not the secured creditor.

It is accordingly ORDERED that the bank's motion to dismiss is DENIED.