In re Burnell L. HOLCOMB, aka Buster Holcomb, Social Security No. 373–26–5108, and Wauneta B. Holcomb, Social Security No. 521–96–1925, dba B. Holcomb & Son, Debtors.

**Bankruptcy No. 85 B 00199 C.**

United States Bankruptcy Court, D. Colorado.

Sept. 12, 1985.

Alvin R. Wall, Holyoke, Colo., for Bank.

Janet Zimmerman, Denver, Colo., for debtors.

## FINDINGS, CONCLUSIONS AND ORDER ON OBJECTION TO AMENDED LIST OF EXEMPT PROPERTY

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is the objection by the First National Bank of Holyoke (Bank) to the debtors' amended list of exempt property. In particular, the Bank objects to items 6, 7 and 8 on the amended list. The debtors, Burnell and Wauneta Holcomb, both claim exemptions for the value of $3,000 in livestock and poultry pursuant to Section 13–54–102(1)(g), C.R.S., $2,000 in machinery and implements pursuant to Section 13–54–102(1)(g), C.R.S., and $1,500 in machines, tools and equipment pursuant to Section 13–54–102(1)(i), C.R.S. The Bank argues that these exemptions are not applicable because the debtors have no equity in the property above and beyond the lien the bank holds.

The facts in this matter have been stipulated to. The debtors executed a security agreement and financing statement on January 21, 1983. As security for a promissory note for $224,180.71, the debtors pledged all farm products, inventory, livestock, crops, grain, tools, machinery, etc., as collateral. This is the only security agreement and financing statement that is applicable as between the parties. Further, there is no dispute that the value of the debtor's property does not provide an excess above the Bank's lien. A hearing was held on June 24, 1985 and the afore-

mentioned matter was taken under advisement pending the submission of briefs by both parties.

The central issue here concerns whether the claimed exemptions are indeed applicable to the debtors' property. The Bank bases its objection on the premise that exemptions claimed on mortgaged property are applicable only to the equity held in the property, rather than to the particular property itself. On the other hand, the debtors argue that they are entitled to the exemptions regardless of their equity position, and in the alternative, this Court should abstain because this issue includes a controlling question of state law. Resolution of this matter requires a review of the Colorado exemption scheme read in light of cases construing these statutes.

*In re Rade*, 205 F.Supp. 336 (D.Colo. 1962) is perhaps the seminal case limiting the availability of Colorado exemptions on mortgaged property. In *Rade*, the district court held that the execution of a mortgage on otherwise exempt property constitutes a waiver of the exemption. A similar result was achieved, though through different means, by the Tenth Circuit Court of Appeals in *In re Cummings*, 413 F.2d 1281 (10th Cir.1969). *Cummings* involved a seller's petition for permission to foreclose on chattel mortgages or reclaim property which the debtors claimed as exempt household goods under Colorado law. Instead of finding that a *pro forma* waiver of the exemption had occurred, the court analyzed the statutory definition of value in the context of the Colorado exemption scheme. The court stated:

> The Colorado statute exempts household goods "to the extent of seven hundred fifty dollars in value" and defines value as the fair market value less any lien valid as between the owner and the holder of the lien. The two provisions must be read together. We have no legislative history and no pertinent Colorado decision. It is reasonable to construe the statutes to mean that, when mortgaged property is claimed as exempt by a bank-

rupt, the exemption applies to the equity and not to the specific items of property. *Cummings*, 413 F.2d at 1285.

Clearly, the federal courts have interpreted Colorado exemptions as applicable only to the extent that the debtor has equity in the mortgaged property and not to the specific items of property. The debtors, however, urge this Court to abstain because this issue involves a controlling question of Colorado law. The policy underlying the abstention doctrine concerns comity with state courts and respect for state law. *See Ada-Cascade Watch Co. v. Cascade Resource Recovery, Inc.*, 720 F.2d 897 (6th Cir.1983).

■ Abstention is not appropriate in this matter because there is adequate state court precedent on this issue, thus obviating the need for a federal court to undertake an independent interpretation of Colorado law. The Colorado Court of Appeals, in *Centennial Savings & Loan Assoc. v. Schmuhl*, 690 P.2d 882 (Colo.Ct.App.1984) *cert. granted* (1984) (84FC206), adopted the rule set forth in *Cummings*. *Centennial* involved a foreclosure action against the debtor's mobile home which was the collateral securing a promissory note held by the creditor. The court eschewed finding that the exemption had been waived *pro forma* by the security agreement or by an express stipulation in the note waiving the exemption. Rather, the court noted that while such waivers were invalid as against public policy, the debtors were only entitled to an exemption to the extent that they held equity in the mobile home.

■ This Court adopts the rule promulgated in *Centennial* and *Cummings*, namely that the exemption on mortgaged property applies to the equity held by the debtor and not to the property itself. This conclusion is mandated by the definition of value as "the fair market value of any property less the amount of any lien thereon valid as between the owner of the property and the holder of any such lien." Section 13–54–101(5), C.R.S. Since this definition effectively defines "value" as the equity held by the debtor, and the exemptions

are quantified in terms of such "value" it is apparent that no other result could reasonably be reached.

ORDERED that the objection of the First National Bank of Holyoke to the debtors' amended claim for exemptions is sustained and items numbered 6, 7 and 8 on debtors' amended claim for exemption are hereby disallowed.