**In re Judith Lee SEGUIN, SSN 324–34–9252, Debtor.**

**Bankruptcy No. 87 B 04825 J.**

United States Bankruptcy Court,
D. Colorado.

July 15, 1987.

Joan M. Thomas, Lakewood, Colo., for debtor.

Donald B. Gentry, Grant, McHendrie, Haines and Crouse, Denver, Colo., for Chrysler Credit Corp.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on the Debtor's Amended Motion to Redeem Tangible Personal Property and the Motion for Relief from Stay filed by Chrysler Credit Corporation ("Chrysler").

The Debtor filed her voluntary petition under Chapter 7 on April 27, 1987. Chrysler holds a perfected purchase money security interest in the Debtor's 1985 Dodge Omni automobile and asserts a secured. claim in excess of $5,000.00. Chrysler claims the value of the car is $4,900.00 and the Debtor asserts a value of $2,250.00. In any event, Chrysler is undersecured.

■ Debtor has claimed an exemption of $2,250.00 under C.R.S. § 13–54–102(1)(j)(II) and proposes to redeem the car for $2,250.00 under 11 U.S.C. § 722. However, C.R.S. § 13–54–103 provides that "None of the property described in section 13–54–102 shall be exempt from levy and sale on writ of attachment or writ of execution for the purchase price of such property." Chrysler also cites *In re Holcomb*, 54 B.R. 59 (Bankr.Colo.1985). In that case, the bank, which had a lien on the debtors' property, objected to the debtors' claimed exemptions. Judge Clark held "that the exemption on mortgaged property applies to the equity held by the debtor and not to the property itself." 54 B.R. 59 at 60. Thus, either under § 13–54–103 or under the *Holcomb* case, the Debtor herein has no exemption relative to this automobile.

■ Chrysler then argues that because the Debtor is not entitled to an exemption relative to the car, she cannot redeem under § 722. That section provides as follows:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable con-

sumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

In order to redeem, all conditions of § 722 must be met, i.e. it must involve tangible personal property intended for personal, family, or household use; it must involve a lien securing a dischargeable consumer debt; it must involve property wherein the debtor has an exempted interest or which has been abandoned under § 554; and the debtor must pay the allowed secured claim.

Thus, in Colorado, unless the property has been abandoned under § 554, a debtor cannot redeem property from a purchase money secured lender or from an undersecured creditor, unless the property has been abandoned under § 554.

The case of *In re Williams*, 9 B.R. 83 (Bankr.M.D.Tenn., 1981), holds otherwise. However, that court, after a discussion of § 506, holds without explanation, that "Debtors' redemption rights, however, are not limited to property in which they have an exemptable interest.... Thus, § 722 obviously extends to debtors the right to redeem property in which they have no equity." It is not so obvious to this Court. The plain wording of the statute cannot be ignored. The *Williams* court was correct, *if the property has been abandoned under § 554*, but until that time, § 722 is not available to debtors where they have no exempt interest in the property or where the lien is a purchase money security interest. There is no dispute that the Trustee has not yet abandoned the property—the § 341 meeting has not even been held.

Therefore, since both the Debtor and Chrysler allege there is no equity in the automobile and, because this is a Chapter 7 case, there is no reorganization, the Motion for Relief from Stay must be granted under § 362(d)(2). It is, therefore,

ORDERED that the Debtor's Motion to Redeem is denied.

FURTHER ORDERED that the Motion for Relief from Stay filed by Chrysler Credit Corporation is granted and said creditor is free to pursue its collateral.