In re Ray JACKSON and Arlene Norma Jackson, Debtors.

Ray JACKSON and Arlene Jackson, Applicants,

v.

FIRST NATIONAL BANK OF LA JARA, Respondent.

Bankruptcy No. 90 B 03717 E.

United States Bankruptcy Court, D. Colorado.

June 6, 1990.

James M. Croshal, Pueblo, Colo., for applicants/debtors.

Michael J. Guyerson, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for First Nat. Bank of La Jara.

## ORDER ON MOTION TO VOID LIEN

CHARLES E. MATHESON, Chief Judge.

This matter is before the Court pursuant to a motion filed by the Debtors under 11 U.S.C. § 522(f)(2). The Debtors seek to void a nonpossessory nonpurchase-money lien in certain hand tools, a chain saw and a horse trailer. The Debtors claim that these items are in their possession and are exempt pursuant to the provisions of C.R.S. § 13–54–102(1)(g) as farm equipment.

The facts show that at the time that this bankruptcy case was filed, the Debtors were engaged in farming and ranching. They were indebted to the First National Bank of La Jara (the "Bank") for an amount in excess of $400,000. As security for that indebtedness the Bank held a mortgage on the Debtors' farmland and a security interest in the Debtors' personal property, including the property which is subject to the pending motion. The aggregate value of all of the collateral is significantly less than the debt owed the Bank and there is no equity in any of the property over and above the secured interest of the Bank. The Bank has obtained relief from stay and is proceeding to foreclose and sell the collateral. When the foreclosure is completed, the Debtors will be deprived of all property owned and used by them for farming and ranching except to the extent that the Debtors prevail in the present motion.

The Bankruptcy Code provides in 11 U.S.C. § 522(f):

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) nonpossessory nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor....

The Debtors claim the hand tools, chain saw and horse trailer are exempt in Colorado pursuant to the provisions of the Colorado Statutes which provide that the following property is exempt from levy and sale under writ of attachment or writ of execution:

(g) in the case of every debtor engaged, as his principal occupation, in agriculture or livestock or poultry raising, livestock and poultry not exceeding in the aggregate of value of $3,000.00, and horses, mules, wagons, carts, machinery, harness, implements, and tools not exceeding in the aggregate a value of $2,000.00....

The availability of the claim of exemption must be measured as of the date the bankruptcy petition was filed. *In re Harris*, 886 F.2d 1011 (8th Cir.1989); *Mansell v. Carroll*, 379 F.2d 682 (10th Cir. 1967); *In re Currie*, 34 B.R. 745 (D.Kan. 1983); *In re Johnson*, 19 B.R. 371 (Bankr. D.Kan.1982).

There is no dispute in this case that, on the date of the filing of the petition, the Debtors' principal occupation was in agriculture or livestock raising. It is also clear that the tools and horse trailer constitute wagons or carts, implements and tools used in that occupation. Thus, the property would have been exempt from levy or sale to the extent of the aggregate value of

$2,000.00. It is also property of a nature falling within the scope of 11 U.S.C. § 522(f)(2)(B).

██ It has been held in this jurisdiction that a debtor's exemption in personal property, in Colorado, is only available to the debtor if and to the extent the property has a value in excess of all voluntary encumbrances against the property. *In re Holcomb*, 54 B.R. 59 (Bankr.D.Colo.1985); *In re Seguin*, 76 B.R. 175 (Bankr.D.Colo. 1987); *In re Spykstra*, 86 B.R. 656 (Bankr. D.Colo.1988). Here, no such equity exists. Thus, there is nothing to which the claim of exemption would attach. The question is whether these circumstances deprive the Debtors of the right to utilize section 522(f) to void the Bank's nonpossessory nonpurchase-money lien in this equipment, at least to the extent of the lesser of $2,000.00 or the aggregate value of the equipment.

The issue was recently addressed, at least obliquely, in the case of *In re Leonard*, 866 F.2d 335 (10th Cir.1989). In the *Leonard* case the court held that the fact that Colorado has opted out of the federal exemption scheme did not mean that section 522(f) of the Code became ineffective in bankruptcy proceedings for Colorado debtors. The Tenth Circuit Court of Appeals there concluded that in applying section 522(f) inquiry must be directed to whether the debtor "would" have been entitled to claim the exemption in the absence of the offending lien. If the exemption "would" have been available under those circumstances, the debtor can utilize section 522(f) to void the offending lien *if it is a judicial lien or a nonpossessory nonpurchase-money lien.*

In the instant case, in the absence of the Bank's lien, the Debtors would have been entitled to claim the chain saw, hand tools and horse trailer as exempt, at least to the extent of an aggregate of $2,000.00. The Debtors are therefore entitled to void the Bank's lien to that extent pursuant to section 522(f)(2). *In re Leonard, supra; In re Galvan*, 110 B.R. 446 (9th Cir.App.Panel 1990).

The propriety of this result is clear. As the court recognized in *Leonard:*

Any other reading of § 522(f) would make the language meaningless and would lead to an absurd result. If § 522(f) were to be read as allowing the debtor to avoid a lien only on the debtor's equity in the exempt property, to which the lien would not ultimately attach under any circumstances, it would totally disregard the lien avoidance language set forth in § 522(f). In other words, if Appellant's [Bank's] construction of § 522(f) were to be adopted, then as long as a security interest exists, the debtor would never be entitled to avoid the lien. *In re Leonard*, 866 F.2d at 337.

Pursuant to the conclusions stated herein, it is therefore

ORDERED, that the lien of the First National Bank of La Jara on the chain saw, hand tools and horse trailer claimed to be exempt by the Debtors herein is hereby declared to be void and ineffective to the extent of an aggregate value of said personal property of $2,000.00; and it is

FURTHER ORDERED, that the Bank may place such property up for sale and sell the same to the highest and best bidder provided such bid or bids aggregate in excess of $2,000.00, in which event the Bank shall remit to the Debtors the aggregate sum of $2,000.00 without deduction for any costs of sale, or, in the alternative, if the aggregate bids are not equal to or in excess of $2,000.00, the property shall not be sold but shall be delivered to the Debtors free and clear of the encumbrances of the Bank.